UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES CLEVELAND WALLACE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO. 2:09-CV-8044-SLB |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is before the court on petitioner Charles Cleveland Wallace's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [hereinafter Amended Motion to Vacate], (doc. 5), and his Motion to Amend his Motion to Vacate, (doc. 11). Defendant alleges a single ground in support of his Amended Motion to Vacate – that his lawyer erroneously informed him that, if he entered a plea of guilty to the charges in the April 2008 Indictment, the government would not bring any charges based on his May 2008 arrest. (Doc. 5 at 5.) His Motion to Amend seeks to assert a claim for relief based on the allegedly illegal search incident to his 2008 arrest and the resulting charge pursuant to 18 U.S.C. §924(c)(1)(A)(i). (Doc. 11.) For the reasons set forth below, petitioner's Amended Motion to Vacate, (doc. 5), and his Motion to Amend, (doc. 11), are due to be denied and this case is due to be dismissed.

Mr. Wallace has the burden of showing he is entitled to relief from his sentence. *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978)(citing *Coon v. United States*, 441

F.2d 279 (5th Cir.), *cert. denied*, 404 U.S. 860 (1971));[1] *see also Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1969)("The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding."). He must prove "not merely that the errors [in the proceedings] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting [the entire proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). "[A] guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *Caffey v. United States*, Civil Action No. 2:09cv151–WHA, 2012 WL 960912, *4 (M.D. Ala. Mar. 5, 2012)(quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980))(internal quotations omitted). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985))(internal quotations omitted).

> "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

---

[1] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

> Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. To establish prejudice under the second prong of *Strickland*, Mr. Wallace "must show that there is a reasonable probability that, but for counsel's errors, he would ***not*** have pleaded guilty and would have insisted on going to trial." *Caffey*, 2012 WL 960912, at *4 (quoting *Hill*, 474 U.S. at 59)(emphasis added, internal quotations omitted).

The court "appl[ies] a 'strong presumption' that statements made by a defendant during his plea colloquy are true, *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994); therefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.' *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)." *Cardenas v. United States*, Nos. 8:04-cr-82-T-24MSS, 8:08-cv-244-T-24MSS, 2008 WL 2445640, *3 (M.D. Fla. June 16, 2008). Based on the court's review of the record in the criminal proceedings, (Case Nos. 2:08-CR-0167-SLB-TMP and 2:08-CR-0276-SLB-MHH), as well as the instant case, the court finds Mr. Wallace has not met his burden.

On or about April 29, 2008, the Grand Jury indicted Mr. Wallace on three counts – (1) violation of 18 U.S.C. § 922(g)(1) [felon in possession of a firearm]; (2) violation of 21 U.S.C. §841(a)(1) and (b)(1)(B) [possession with intent to distribute cocaine base], and (3) violation of 18 U.S.C. § 924(c)(1)(A)(i) [possession of a firearm in the furtherance of a drug-

3

trafficking crime]; these charges were based on conduct occurring on July 19, 2007. *United States v. Wallace*, Case No. 2:08-CR-0167-SLB-TMP, doc. 1. The United States Marshals executed an arrest warrant on Mr. Wallace on May 21, 2008. During the execution of the arrest warrant, the marshals found Mr. Wallace had in his possession a .38 caliber pistol, a 12-gauge short barrel shotgun, 9mm ammunition, a bag of crack cocaine, and equipment for cooking and packaging crack cocaine. A plea deal was negotiated and, on July 7, 2008, the Government filed an Information against Mr. Wallace, which included the three counts from the April Indictment and one count based on the pistol and shotgun recovered at the time of his arrest on May 21, 2008, arrest. *See United States v. Wallace*, Case No. 2:08-CR-0276-SLB-MHH, doc. 1. Mr. Wallace waived his right to an Indictment and, on July 7, 2008, he entered a plea of guilty to the charges set forth in the Information.[2]

At the guilty plea hearing, this court asked Mr. Wallace if he knew the charges to which he was pleading guilty, and Mr. Wallace stated that he did. He specifically stated that he was aware that he was pleading guilty to one count of gun possession in violation of 18 U.S.C. § 922(g)(1), based on the pistol and shotgun found during his arrest. At the hearing the following discussion was had:

> THE COURT: Mr. Bell [Mr. Wallace's counsel], is there anything you need to add . . .?

---

[2]After his guilty plea, the Government dismissed the previous Indictment. *See United States v. Wallace*, 2:08-CR-0167-SLB-TMP, docs. 8 and 9.

4

MR. BELL: Only that there are some additional charges that Mr. Wallace was potentially facing in connection with his arrest on these charges. And as part of our agreement, the U.S. Attorney's office has agreed that they will not be bringing those charges. There is nothing to dismiss or anything like that because the charges haven't yet been brought.

THE COURT: That's not in the plea agreement. That would normally be something that would be in the plea agreement and should be written in the plea agreement. What charges are you saying that could have been brought? ***They brought an additional gun count.*** What else could possibly have been brought?

MR. BIGGERS [Assistant United States Attorney]: There was potential charges that would have been brought in this case had it been indicted again, [section] 841, drug charges.

THE COURT: You mean an additional drug charge other than the one that was in this case?

MR. BIGGERS: The only one that we are pursuing is the 922(g)(1).

THE COURT: What could have been brought that you won't be bringing because there could be some other things out there that Mr. [Wallace] doesn't know about, and he can't waive what the state might do. I want you to be specific about what's being – what you do not plan on bringing?

MR. BIGGERS: On May 21st, 2008, when the marshals went to arrest the defendant, Mr. Wallace, there arose out of that incident four potential charges, one being the 922(g) for the possession of two firearms, another additional charge for the possession of a short-barrel shotgun, another charge for drugs and another charge for the 924(c), being in possession and manufacturing drugs.

THE COURT: Manufacture or in furtherance of a drug trafficking crime?

MR. BIGGERS: In furtherance of a drug trafficking crime, Your Honor.

> THE COURT: So all the things you're going to say you're prosecuting him for, can you speak for the state also?
>
> MR. BIGGERS: I don't think – I think –
>
> THE COURT: This is when the marshals went to arrest him.
>
> MR. BIGGERS: The state is not involved in this at all.
>
> . . .
>
> THE COURT: So what you're saying *except for Count Four* – not Count Four.
>
> MR. BIGGERS: It's Count Four, Your Honor.
>
> THE COURT: It is Count Four. No *other* charges are going to be brought from the arrest on – what was the date again?
>
> MR. BIGGERS: May 21st, 2008.
>
> THE COURT: Mr. Bell, is that –
>
> MR. BELL: That is our understanding.
>
> THE COURT: Now, they aren't waiving any other possible charges. They're not saying he won't be prosecuted for anything other than what he's just said.
>
> MR. BELL: Exactly. Well, my understanding is there will be no *other* charges stemming from his arrest on May 21st, 2008.
>
> THE COURT: Is that correct, Mr. Biggers?
>
> MR. BIGGERS: That is correct.
>
> THE COURT: And that's all that's in the plea agreement?
>
> MR. BELL: Yes, Your Honor.

>THE COURT:  In case there's something in there on another day unrelated.
>
>MR. BIGGERS:  That's all we know about, and that's all we agreed to.
>
>. . .
>
>THE COURT:  Mr. [Wallace], you've heard the statements of the Assistant U.S. Attorney, and your attorney concerning the pertinent terms of the plea agreement with the addition, other than what's written here, is that the U.S. Attorney's Office will not be prosecuting you ***other than the charge brought against you in Count Four*** for any other crimes that arose or that were observed, I guess you might say, at the time you were arrested by the U.S. Marshals.  ***Do you understand***?
>
>THE DEFENDANT:  ***Yes, ma'am***.
>
>THE COURT:  Is there anything you need to add to the statement of the Assistant U.S. Attorney and your attorney concerning the pertinent terms of the plea agreement?
>
>THE DEFENDANT:  No, ma'am.

*Wallace*, Case No. 2:08-CR-0276-SLB-MHH, Doc. 13 at 7-10 [emphasis added].  Later in the Plea Colloquy, the court stated the following with regard to the firearms counts:

>THE COURT:  Count One of the information, Mr. Wallace, charges you with violating Title 18, U.S. Code, Section 922(g)(1) and reads as follows:  On or about the 19th day of July, 2007, in Jefferson County, within the Northern District of Alabama, you, after having been convicted on November 1st, 1999, in the Circuit Court of Jefferson County, Bessemer division, of the offense of unlawful possession of a controlled substance in case number CC-99-692, said offense being a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm.  That is a Bryco Jennings 9mm caliber pistol, in violation of Title 18, U.S. Code, Section 922(g)(1).
>
>Count Four charges you with violating the same federal statute and reads as follows:  On or about the ***21st day of May, 2008***, in Jefferson County,

7

within the Northern District of Alabama, you, after having been convicted on November 1st, 1999, in the Circuit Court of Jefferson County, Bessemer Division, Alabama, of the offense of unlawful possession of a controlled substance in case number CC-99-692, said offense being a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, that is a ***Charter Arms .38 caliber pistol*** and, . . . ***Taiyojuki 12 gauge short-barreled shotgun***, in violation of Title 18, United States Code, Section 922(g)(1).

Title 18, U.S. Code, Section 922(g)(1) makes it a federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce. Before you could be found guilty of the offenses charged in Count One and Four of the indictment, the government would have the burden of proving beyond a reasonable doubt:

First, that on or about the date charged for those ***two offenses***, ***one being July 19th, 2007 and the other being May 21st, 2008***, you knowingly possessed a firearm in or affecting interstate commerce as charged.

And, second, that before you possessed the firearm, you had been convicted of in a court of law of a crime punishable by imprisonment for a term in excess of one year. In other words, you had been convicted of a felony offense.

The term "interstate commerce," within the meaning of this statute, includes the movement of a firearm between any place in one state and any place in another state. It would not be necessary for the government to prove that you knew that the firearm had made such movement before you possessed it. They would, however, have to prove that the firearm had crossed state lines before you possessed it. That would be true for both Counts One and Four.

***Do you understand the charge against you in Counts One and Four of the information***?

THE DEFENDANT: ***Yes***.

*Wallace*, Case No. 2:08-CR-0276-SLB-MHH, Doc. 13 at 20 - 23 [emphasis added]. After being told that Count Four of the Information was based on the firearms found on May 21,

8

2008, and indicating his understanding of the factual basis for Count Four, Mr. Wallace voluntarily entered a plea of guilty.

In his Amended Motion to Vacate, Mr. Wallace states: My lawyer told me that my plea agreement was if I [pleaded] out to my 2007 case that all [counts in the] new case would be drop[ped,] but the [2008 gun] charge was not drop[ped;] it was added . . . ." (Doc. 5 at 5.) However, as set forth above, Mr. Wallace was fully informed that Count Four of the Information was based on firearms found during his arrest on May 21, 2008, **before** he entered a plea of guilty. Moreover, he indicated at the plea colloquy that he was aware he was pleading guilty to this count arising from his May 21, 2008, arrest and that he was voluntarily pleading guilty to this Count as well as to the three Counts arising from the events of July 19, 2007. Nothing indicates that Mr. Wallace would have proceeded to trial if he had been told before the plea hearing that the Government was not dismissing Count Four of the Information in exchange for his guilty plea. Therefore, assuming Mr. Wallace received erroneous information from his counsel before entering his plea, this erroneous evidence did not prejudice Mr. Wallace.

The Amended Motion to Vacate, (doc. 5), will be denied.

Mr. Wallace has filed another Motion to Vacate his sentence, (doc. 11), which the court deems to be a Motion to Amend his earlier filed Amended Motion to Vacate, (doc. 5). In this Motion, Mr. Wallace asks the court to vacate his "consecutive sentences [pursuant] to [section] 924C." (Doc. 11.) He contends that the marshals performed an illegal search

on May 21, 2008, at the time they executed the arrest warrant, and that he should not have been charged under 18 U.S.C. § 924(c)(1)(A)(i) because he did not have any cocaine or crack cocaine at the time of his arrest. (*Id.*)

The record is clear that Mr. Wallace entered a plea of guilty to and was sentenced for a violation of 18 U.S.C. § 924(c)(1)(A)(i), that occurred on July 19, 2007, not on May 21, 2008. Count Three of the Information states:

> The United States Attorney charges that:
>
> On or about the ***19th day of July, 2007***, in Jefferson County, within the Northern District of Alabama, the defendant,
>
> **CHARLES CLEVELAND WALLACE**,
>
> did knowingly possess a firearm, that is a Bryco, Jennings 9mm caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the drug trafficking crime alleged in Count Two of this Information,[3] in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

*United States v. Wallace*, Case No. 2:08-CR-0276-SLB-MHH, doc. 1 at 2 (footnote and emphasis added). Count Three of the Information is based on conduct occurring on or about July 19, 2007, and not based on the weapons and crack cocaine that the marshals found when

---

[3]Count Two of the Information charged, "On or about the 19th day of July, 2007, in Jefferson County, within the Northern District of Alabama, the defendant, Charles Cleveland Wallace, did knowingly, intentionally, and unlawfully possess with the intent to distribute 5 grams or more of a mixture and substance containing cocaine base, more commonly referred to as "crack cocaine", a controlled substance, in violation of Title 21, United States Code, Sections § 841(a)(1) and (b)(1)(B)." *United States v. Wallace*, Case No. 2:08-CR-0276-SLB-MHH, doc. 1 at 2.

10

they arrested Mr. Wallace on May 21, 2008. Thus the 60-month consecutive sentence he received for Count Three was for an offense committed on July 19, 2007, ***not*** May 21, 2008. Mr. Wallace's claims that the search incident to his arrest on May 21, 2008, was illegal and that he had no crack cocaine at the time of his arrest are immaterial to his conviction and sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(i), which occurred on July 19, 2007.

The court finds that Mr. Wallace's Motion to Amend and the court's records "conclusively show that [he] is entitled to no relief." *See* 28 U.S.C. 2255(b). Therefore, his Motion to Amend, (doc. 11), will be denied.[4]

## **CONCLUSION**

Based on the foregoing, petitioner Charles Cleveland Wallace's Amended Motion to Vacate, (doc. 5), and his Motion to Amend his Motion to Vacate, (doc. 11), are due to be dismissed. An Order denying Mr. Wallace's Motions, (docs. 5 and 11), will be entered contemporaneously with this Memorandum Opinion.

## **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

---

[4] The court notes that this additional ground for vacating his sentence is also due to be denied based on Mr. Wallace's failure to include this ground for relief in his original Motion or to present this ground within a year of his conviction. *See* 28 U.S.C. § 2255 (f)(1) and (h).

Fed. R. App. P. 22(b)(1).  And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2)(emphasis added).  To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Neither Mr. Wallace's Amended Motion to Vacate, (doc. 5), nor his Motion to Amend, (doc. 11), demonstrate that he was denied any constitutional right or that the issues he raises are reasonably debatable and/or deserve encouragement to proceed further.  Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE**, this 30th day of September 2013.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE